UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROADENAX,

                 Petitioner,            Case Number 14-cv-14027

                                             Judge Matthew F. Leitman

STEVE RIVARD,

                 Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS (ECF #1), VACATING ORDER TO SHOW CAUSE
(ECF #4), DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING PERMISSION TO PROCEED
*IN FORMA PAUPERIS* ON APPEAL**

### I. Introduction

In 1979, Petitioner Gregory Broadenax, ("Petitioner") pleaded guilty in state
court to a charge of second-degree murder, MICH. COMP. LAWS § 750.317.
Petitioner is serving a life sentence for that plea-based conviction with the
Michigan Department of Corrections. Petitioner has now filed a petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* the "Petition," ECF #1.)
The Petition argues that the state trial court did not acquire jurisdiction over
Petitioner's case. (*See id.*)

After preliminary review of the Petition, the Court ordered Petitioner to
show cause why the Petition should not be dismissed for failure to comply with the

1

one-year statute of limitations. (*See* the "Show Cause Order," ECF #4.) Petitioner thereafter filed a response to the Show Cause Order arguing that because he is raising a jurisdictional claim, the statute of limitations does not apply to the Petition. (*See* ECF #6.) For the reasons stated below, the Court vacates the Show Cause Order, dismisses the Petition as untimely, denies Petitioner a certificate of appealability, and denies Petitioner permission to proceed *in forma pauperis* on appeal.

## II. Procedural History

Following his plea-based conviction and sentence, Petitioner filed a belated motion in state court to withdraw his plea. Petitioner thereafter appealed his conviction, and on August 5, 1991, the Michigan Supreme Court denied his application for leave to appeal. *See People v. Broadenax*, No. 90806 (Mich. Sup. Ct. Aug. 5, 1991). According to the allegations in the Petition, Petitioner appears to have filed a second post-conviction proceeding in the state trial court sometime in 1992. Petitioner then pursued another appeal through the Michigan Supreme Court, which denied relief on March 29, 1994. *See People v. Broadenax*, 444 Mich. 985, 518 N.W.2d 482 (Mich. 1994) (Table). Petitioner filed the instant Petition over twenty years later, on October 20, 2014.

2

### III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

There is no dispute in this matter as to whether the statute of limitations for an attack on Petitioner's conviction expired before Petitioner filed his instant

3

Petition.  It plainly did.  The relevant judgment was entered in 1979, and the Michigan Supreme Court last denied relief in 1994.  Since the time for seeking further direct review in the United States Supreme Court expired prior to the effective date of the AEDPA, Petitioner had until April 23, 1997 – one year following the date that AEDPA became effective – to file a federal habeas petition attacking the original judgment. *See Stokes v. Williams*, 475 F.3d 732, 733-34 (6th Cir. 2007) (a petitioner's conviction that became final before AEDPA became law is entitled to a one-year grace period from April 24, 1996, to April 23, 1997). Petitioner failed to meet this deadline, and the statute of limitations for a habeas attack on the original judgment expired on April 23, 1997.  Petitioner does not dispute this point.

Instead, Petitioner argues that because he is challenging the subject-matter jurisdiction of the trial court, the limitations period does not apply to his case. Petitioner is incorrect.  Indeed, federal courts – including this Court – have consistently held that "there is no exception" to AEDPA's one-year statute of limitation "for subject matter jurisdiction claims."  *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007) (internal quotation marks and alteration omitted); *see also Hornsby v. Booker*, 06-cv-12608, 2007 WL 1499839, at *1 (E.D. Mich. May 22, 2007) (denying petitioner's motion for reconsideration and

4

reiterating that "a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction"); *Umbarger v. Burt*, 2008 WL 3911988, at *1-2 (W.D. Mich. Aug. 19, 2008) (same; collecting cases); *Meadows v. Warden, Allen Correctional Institution*, 2011 WL 4442644, at *4-*5 (S.D. Ohio May 4, 2011) (report and recommendation) (concluding that "[f]ederal courts considering whether subject matter jurisdiction claims provide an exemption from the AEDPA's statute of limitations have uniformly rejected such claims"), *adopted at* 2011 WL 4434877 (S.D. Ohio Sept. 22, 2011); *Gladden v. Blount Cnty.*, 2013 WL 5707319 (N.D. Ala. Oct. 21, 2013), at *4 (collecting cases). Petitioner cites no authority to the contrary. The Court therefore concludes that Petitioner's subject-matter jurisdiction claim does not exempt him from complying with the statute of limitations. Because the time by which Petitioner needed to file his current Petition has long expired, the Petition is untimely, and the Court denies Petitioner habeas relief on that basis.

### III. Conclusion and Certificate of Appealability

Before Petitioner may appeal this Court's denial of his habeas petition, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); *see also* Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id*.  Having undertaken the requisite review, the Court concludes that jurists of reason could not find debatable the Court's procedural ruling here that the Petition is untimely.   The Court will additionally deny Petitioner permission to proceed on appeal *in forma pauperis* because any appeal would be frivolous.

6

## IV. Order

For the foregoing reasons, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (ECF #1) is **DENIED;** that the Show Cause Order (ECF #4) is vacated; and that the Petition and this action are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in *forma pauperis* are **DENIED**.

> s/Matthew F. Leitman
> MATTHEW F. LEITMAN
> UNITED STATES DISTRICT JUDGE

Dated: January 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 12, 2015, by electronic means and/or ordinary mail.

> s/Holly A. Monda
> Case Manager
> (313) 234-5113

7